**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CEARCER NGWA CHE,

Petitioner,

v. No. 2:26-cv-02452-MIS-GBW

WARDEN, Cibola County Correctional Center; MARY DE ANDA-YBARRA, El Paso ICE Field Office Director; DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States; and MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in their official capacities,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Cearcer Ngwa Che's pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 28, 2026. Respondents Mary De Anda-Ybarra, David Venturella, Todd Blanche, and Markwayne Mullin ("Federal Respondents"),[1] filed a Motion to Dismiss ("Motion") on April 13, 2026. ECF No. 6.

[1] Respondent Warden, Cibola County Correctional Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Petitioner is a citizen of Cameroon, id. at 2, who has been in continuous detention since he appeared for a scheduled ICE appointment on January 13, 2026, and was arrested, Pet. at 2, ECF No. 1. On April 13, 2026, Petitioner's "application for relief was denied and an Immigration Judge ('IJ') ordered Petitioner removed to Cameroon." Resp. at 2. Petitioner appealed and his appeal remains pending. Id.

Respondents argue that Petitioner is in removal proceedings and subject to mandatory detention under 8 U.S.C. § 1231(a)(2). Id. at 2-4. Respondents acknowledge that Petitioner is currently appealing his final order of removal, id. at 1, and "Petitioner's removal is not administratively final," id. at 2.

Respondents misunderstand when § 1231 applies; it does not apply here. Under § 1231, once an alien is ordered removed, the United States has a 90-day "removal period" to physically remove him from the United States. Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) (citing § 1231(a)(1)(A)). Detention is mandatory during that window. Id. (citing § 1231(a)(2)). The 90-day window starts "on the latest of three dates: (1) the date the order of removal becomes 'administratively final,' (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." Id. (citing § 1231(a)(1)(B)). "Administratively final" means "once the BIA has reviewed the order (or the time for seeking the BIA's review has expired)." Id. at 534. As Respondents themselves acknowledge, Petitioner has a pending appeal of his Order of Removal and "Petitioner's appeal is not administratively final." Resp. at 2. As the BIA has not reviewed Petitioner's appeal, the 90-day window has not begun, and Petitioner is not subject to mandatory detention under § 1231. Ye v. Mullin, No. 2:26-CV-0944-MIS-LF, 2026 WL 1004560, at *1 (D.N.M. Apr. 14, 2026)

Ultimately, Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). Mot. at 6-7, ECF No. 6.

The Court finds this case falls under Santillan Quiroz v. Mullin, 180 F.4th 1226, 1240 (10th Cir. 2026). Briefly, because Petitioner was detained within the interior of the United States, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Mot., ECF No. 7.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Cearcer Ngwa Che's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner from detention;
3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4. Respondents **SHALL NOT** impose any new condition of release;

5. Respondents **SHALL** file a Notice of Compliance with this Order; and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE